| AOC-105          Doc. Code: CI | | Case No. 12-CI-01209 | |
|---|---|---|---|
| Rev. 1-07 | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 Commonwealth of Kentucky Court of Justice   www.courts.ky.gov CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | County | Pulaski |

**PLAINTIFF**

Joshua Mullins

**VS.**

**DEFENDANT**

Lake Cumberland Regional Hospital, LLC

d/b/a Lake Cumberland Regional Hospital and d/b/a Commonwealth Bariatric Center

305 Langdon Street

Somerset                               Kentucky                 42503

**Service of Process Agent for Defendant:**

CT Corporation System

306 W. Main St., Suite 512

| Frankfort | Kentucky | 40601 |
|---|---|---|

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _9-21, 2012_     _____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

COMMONWEALTH OF KENTUCKY
PULASKI CIRCUIT COURT
DIVISION ___
CIVIL ACTION NO. _12-___01209_

FILED
GEORGE FLYNN, CLERK
SEP. 21 2012
PULASKI CIRC/DIST COURT
BY_____D.C.

JOSHUA MULLINS                                          PLAINTIFF


v.                    **COMPLAINT**


LAKE CUMBERLAND REGIONAL HOSPITAL, LLC          DEFENDANTS
D/B/A LAKE CUMBERLAND REGIONAL HOSPITAL
and D/B/A COMMONWEALTH BARIATRIC CENTER
305 Langdon Street
Somerset, KY 42503
          SERVE:     CT Corporation System
                     306 W. Main St., Suite 512
                     Frankfort, KY 40601

LIFEPOINT OF LAKE CUMBERLAND, LLC
103 Powell Court, Suite 300
Brentwood, TN 37027
          SERVE:     CT Corporation System
                     306 W. Main Street, Suite 512
                     Frankfort, KY 40601

JOHN HUSTED, M.D.
36491 Yamas Drive, #201
Wildomar, CA 92595
          SERVE:     Kentucky Secretary of State
                     Summonses Branch
                     700 Capital Ave., Suite 86
                     Frankfort, KY 40601

                     * * * * * * * * *

          Comes Plaintiff, Joshua Mullins, by counsel, and for his Complaint against the above

named Defendants, states as follows:

          1.   Plaintiff, Joshua Mullins ("Mullins"), is and at all times relevant to this Complaint

was a citizen of the Commonwealth of Kentucky.

2.   Defendant, Lake Cumberland Regional Hospital, LLC d/b/a Lake Cumberland Regional Hospital ("LCRH LLC"), is a Delaware limited liability company with its principal place of business in Brentwood, Tennessee and is duly authorized to do business in the Commonwealth of Kentucky.

3.   Defendant, Lifepoint of Lake Cumberland, LLC ("Lifepoint"), is a Delaware limited liability company with its principal place of business in Brentwood, Tennessee and is duly authorized to do business in the Commonwealth of Kentucky.

4.   LCRH LLC operates a hospital in Pulaski County, Kentucky known as Lake Cumberland Regional Hospital ("LCRH"), a business that held itself out as capable of providing specialized services to persons such as Mullins, at all times relevant to this Complaint.

5.   Defendant, LCRH LLC has operated a business in Pulaski County, Kentucky, known as Commonwealth Bariatric Center ("CBC"), a business that held itself out as capable of providing specialized services to persons such as Mullins, at all times relevant to this Complaint.

6.   Acting through its employees and agents, both agents in fact and ostensible agents, LCRH LLC, under the name of CBC, provided medical services to Mullins beginning on or about September 4, 2009, in Pulaski County, Kentucky.  All allegations herein concerning CBC shall be deemed to also be allegations as to LCRH LLC.

7.   Acting through its employees and agents, both agents in fact and ostensible agents, LCRH LLC, under the name of LCRH, provided medical and hospital services to Mullins beginning on or about September 4, 2009, in Pulaski County, Kentucky.  All allegations herein concerning LCRH shall be deemed to also be allegations as to LCRH LLC.

8.   Defendant, John Husted, M.D., is a physician and was practicing during the pertinent time period in Pulaski County, Kentucky.  Dr. Husted held himself out as capable of providing

2

specialized services to persons such as Mullins.  Dr. Husted provided medical and surgical

services to Mullins beginning on or about September 4, 2009, in Pulaski County, Kentucky.

During and prior to that time, Dr. Husted represented to Plaintiff, the community, and others that

he was able to provide specialized care in bariatric surgery and in all follow up treatment as a

result of any complications from such treatment.

9.   For a period of time in 2009 and ending in 2010, Dr. Husted performed bariatric

surgery in association with LCRH and CBC.

10.   One of the procedures that Dr. Husted performed is a duodenal switch where the

small intestine that the stomach normally empties into (the duodenum) is "switched" to the

downstream portion of the small intestine (the digestive limb).

11.   On or about September 4, 2009, while practicing at LCRH and CBC, Dr. Husted

performed a duodenal switch upon Mullins.  At the time, Mullins was 17 years old.

12.   After suffering complications from his surgery, on or about July 9, 2012, Mullins

underwent revision surgery by Dr. George Derek Weiss and discovered for the first time facts

that led Mullins to believe that Defendants may be liable for his damages alleged herein.

Specifically, contrary to Husted's operative note, which states that Mullins' common channel

was 100 cm, Husted actually created a 50 cm, or less, common channel, which is a violation of

the standard of care.  Dr. Husted, LCRH, and CBC did not properly advise Mullins that his

common channel would be cut to less than 100 cm and they did properly advise him of the

inherent risks associated with a common channel being cut that short.

13.   Pursuant to KRS 413.140(2), this action accrued at the time the injury was first

discovered or in the exercise of reasonable care should have been discovered.  Mullins did not

discover, and in the exercise of reasonable care, he could not have discovered, that he had

3

sustained an "injury" as that term is defined by Kentucky law, due to Husted's care until (at the earliest) the July 9, 2012 revision surgery.

14.  Due to the acts and omissions of the Defendants, individually and by and through their employees and actual and/or ostensible agents, Mullins suffered damages as alleged herein.

15.  Defendant Husted was, at all times pertinent herein, either an employee and/or actual or ostensible agent, of LCRH and CBC, making those Defendants jointly and severally liable for Husted's negligence and gross negligence.

16.  As a result of Defendants' actions and failures to act, Mullins has in the past and will in the future incur significant medical expenses, severe physical and mental pain and suffering, lost wages, loss of ability to labor and earn money and/or perform household services, and the loss of enjoyment of life, all in a sum in excess of any jurisdictional limitation upon this Court.

17.  Plaintiff states on information and belief that Lifepoint controls LCRH LLC, and as such Lifepoint is vicariously liable for any liability that attaches to LCRH LLC.

18.  All amounts claimed herein are in excess of the minimal jurisdictional limits of this Court.

## COUNT I – NEGLIGENCE AND GROSS NEGLIGENCE
### AGAINST ALL DEFENDANTS

19.  Plaintiff adopts, reiterates and incorporates by reference those allegations contained herein.

20.  In his medical and surgical care and treatment of Mullins, Defendant Husted was negligent and grossly negligent, failing to exercise the requisite degree of care and skill required of a prudent physician in like or similar circumstances.

4

21.   During Mullins's admission to LCRH, beginning on or about September 4, 2009, LCRH, acting by and through its agents, actual and ostensible, and or employees, were negligent and grossly negligent, and such negligence included, but was not limited to, the nursing and other hospital care provided to Mullins and the lack of proper promulgation, application, and enforcement of sufficient or appropriate policies, procedures, rules, regulations, and standards with respect to the care provided to them and with respect to allowing Husted to obtain and to maintain privileges.

22.   CBC, acting by and through its agents, actual and ostensible, and/or employees, was negligent and grossly negligent, and such negligence included, but was not limited to, the medical, surgical and hospital care provided to Mullins and the lack of proper promulgation, application, and enforcement of sufficient or appropriate policies, procedures, rules, regulations, and standards with respect to the care provided and with respect to allowing Husted to obtain and to maintain employment and/or his status with CBC herein.

23.   Husted, LCRH, and CBC's negligence include, but were not limited to, the failure to properly inform Mullins about his surgery; failure to provide, recommend, or refer Mullins for appropriate care, consultation, and treatment; failure to properly recommend the appropriate follow-up with Mullins; and the failure to properly monitor Mullins.

24.   LCRH and CBC were on notice that Husted repeatedly failed to follow accepted standards of care with bariatric patients.

25.   All Defendants were negligent in failing to warn patients such as Mullins about problems regularly suffered by Husted's patients.

5

26. In addition to failure to warn, Defendants LCRH and CBC continued to advertize and market Husted as being skilled and having expertise in bariatric surgery to further their business interests.

27. The negligence and gross negligence of the Defendants, acting individually and by and through their employees and actual and ostensible agents, was a substantial factor in causing Plaintiff to incur the damages alleged herein.

## COUNT II – NEGLIGENCE/LACK OF INFORMED CONSENT
## AGAINST ALL DEFENDANTS

28. Plaintiff adopts, reiterates and incorporates by reference those allegations contained herein.

29. Husted, LCRH, and CBC had a duty to disclose, in a reasonable manner, all significant medical information that they knew or reasonably should have known for Mullins and/or his legal guardian to make an intelligent decision on whether he should undergo the proposed procedure and with Husted as his surgeon.

30. If Mullins and/or his legal guardian had been properly apprised of the inherent and substantial risks associated with having the duodenal switch surgery performed by Husted at LCRH and CBC, Mullins would not have undergone the procedure.

31. As a result of Husted, LCRH, and CBC's breach of the duty described herein, Plaintiff suffered the damages set forth herein.

6

## COUNT III – NEGLIGENT MISREPRESENTATION
## AGAINST ALL DEFENDANTS

32.   Plaintiff adopts, reiterates and incorporates by reference those allegations contained herein.

33.   To increase the number of patients seen by Husted and CBC and cared for at LCRH and, thereby, increase their profits, Defendants LCRH, CBC, and Husted negligently misrepresented the availability of competent medical and surgical care and adequate hospital services for the performance of bariatric surgery and hospital and medical care required for such surgery and follow-up care.

34.   Specifically, Defendants LCRH, CBC, and Husted, acting individually and through their employees and agents, both agents in fact and ostensible agents, negligently informed, advertized and marketed to Mullins, to agencies of the Commonwealth of Kentucky responsible for licensing healthcare providers, and to the community that Defendants LCRH, CBC, and Husted would and could provide the level of care needed and required for bariatric surgeries and for the care required for complications of such surgeries.

35.   Defendants LRCH, CBC, and Husted advertized and marketed that LCRH, CBC, and Husted were able to provide skilled care in bariatric surgeries.  These advertisements and marketing materials were not only negligently prepared, they were also false and misleading and done to further the business interests of Defendants LRCH, CBC, and Husted.

36.   Defendants LCRH, CBC, and Husted, acting individually and through their employees and agents, both agents in fact and ostensible agents, failed to adequately provide those services.

37.   As a result of the negligent misrepresentations of Defendants LCRH, CBC, and Husted, Plaintiff suffered the damages set forth herein.

7

## COUNT IV - NEGLIGENT CREDENTIALING/PRIVILEGING
## AGAINST DEFENDANTS LCRH AND CBC

38. Plaintiff adopts, reiterates and incorporates by reference the allegations contained herein.

39. LCRH and CBC owed Mullins a duty to provide a competent medical staff capable of delivering medical and hospital services to him, beginning on or about September 4, 2009.

40. LCRH and CBC breached that duty by credentialing or granting privileges to Defendant Husted, who was an incompetent and unqualified physician.

41. As a result of LCRH and CBC's breach of the duty described herein, Plaintiff suffered the damages set forth herein.

## COUNT V – NEGLIGENT RETENTION AGAINST DEFENDANTS LCRH AND CBC

42. Plaintiff adopts, reiterates and incorporates by reference the allegations contained herein.

43. LCRH and CBC owed Mullins a duty to ensure his safety and well-being while at LCRH and CBC.

44. LCRH and CBC owed Mullins a duty to provide a competent medical staff capable of delivering medical and hospital services to him, beginning on or about September 4, 2009.

45. LCRH and CBC failed to exercise ordinary care in credentialing, privileging, and retaining Husted on its medical staff and allowing him to perform surgery and care for patients at its hospital creating an unreasonable risk of harm to patients.

46. LCRH and CBC breached that duty by retaining Defendant Husted, who was an incompetent and unqualified physician and for failing to ensure that Husted was qualified to perform surgery on Mullins.

8

47.   LCRH and CBC were aware, or should have been aware, that Husted posed a threat to patients and failed to take measures to ensure the safety of other patients.

48.   As a result of LCRH and CBC's breach of the duty described herein, Plaintiff suffered the damages set forth herein.

## COUNT VI - PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

49.   Plaintiff adopts, reiterates and incorporates by reference the allegations contained herein.

50.   All Defendants are liable to Plaintiff for punitive damages as a result of their willful and wanton conduct, their reckless disregard and their gross negligence, as alleged herein, which constitutes oppression, fraud, malice, and reckless disregard for the safety of their patients, including Mullins.

51.   All Defendants are liable for punitive damages attributable to their direct liability as well as for their liability based on the actions and omissions of their employees, agents, ostensible agents, and servants, including but not limited to Husted, as alleged herein.

52.   The heightened standard of proof for punitive damages as required by the General Assembly in KRS 411.184(2) is unconstitutional and should be determined to be null and void.

53.   The restrictions on recovery of punitive damages against a principal or employer as set forth in KRS 411.184(3) are unconstitutional and should be determined to be null and void.

54.   In the alternative, Defendants authorized, ratified or should have anticipated the acts and omissions of its employees, agents, ostensible agents and servants, including but not limited to, Husted, as alleged herein.

55.   Each Defendant is liable for punitive damages in an amount to be determined by the jury.

9

**WHEREFORE**, Plaintiff respectfully demands the following relief:

1.      Judgment against the Defendants, Lake Cumberland Regional Hospital, LLC,

acting on its own behalf and d/b/a as Lake Cumberland Regional Hospital and d/b/a as

Commonwealth Bariatric Center, Lifepoint of Lake Cumberland, LLC, and John Husted, M.D.,

jointly and/or severally:

> a.  in favor of Plaintiff, Joshua Mullins, in a sum that will fairly and
> adequately compensate him for the hospital and medical expenses, lost
> wages, and physical and mental pain and suffering and loss of enjoyment
> of life and actual damages, sustained by Mullins.

> b.  in favor of Plaintiff, Joshua Mullins, in a sum that will fairly and
> adequately compensate him for the destruction of Mullins's power to labor
> and earn money and perform household services

2.      For his attorney fees, expenses and costs herein expended.

3.      Trial by jury on all issues so triable.

4.      For prejudgment interest from September 4, 2009, and interest on any judgment

rendered herein, all in the statutory amount.

5.      Any and all other relief to which he may appear to be entitled.

Respectfully Submitted,

*Sheldon Haden*

Ann B. Oldfather
Richard V. Evans
Sheldon L. Haden
OLDFATHER LAW FIRM
1330 South Third Street
Louisville, KY 40208
Telephone: (502) 637-7200
Facsimile: (502) 637-3999
*Counsel for Plaintiff*

FILED
GEORGE FLYNN, CLERK

SEP. 2 1 2012

PULASKI CIRC/DIST COURT
BY _____ D.C.

COMMONWEALTH OF KENTUCKY
PULASKI CIRCUIT COURT
DIVISION  I
CIVIL ACTION NO. 12-CI-01209

JOSHUA MULLINS                                          PLAINTIFF

v.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT, LAKE CUMBERLAND REGIONAL HOSPITAL, LLC

LAKE CUMBERLAND REGIONAL HOSPITAL, LLC                  DEFENDANTS
D/B/A LAKE CUMBERLAND REGIONAL HOSPITAL
and D/B/A COMMONWEALTH BARIATRIC CENTER
305 Langdon Street
Somerset, KY 42503
          SERVE:     CT Corporation System
                     306 W. Main St., Suite 512
                     Frankfort, KY 40601


LIFEPOINT OF LAKE CUMBERLAND, LLC
103 Powell Court, Suite 300
Brentwood, TN 37027
          SERVE:     CT Corporation System
                     306 W. Main Street, Suite 512
                     Frankfort, KY 40601


JOHN HUSTED, M.D.
36491 Yamas Drive, #201
Wildomar, CA 92595
          SERVE:   Kentucky Secretary of State
                   Summonses Branch
                   700 Capital Avenue, Suite 86
                   Frankfort, KY 40601


* * * * * * * *

    Plaintiff, Joshua Mullins, by counsel, pursuant to CR 33, 34 and 36, submits the

following Interrogatories, Requests for Production of Documents, and Request for Admissions,

to Defendant, Lake Cumberland Regional Hospital, LLC d/b/a Lake Cumberland Regional Hospital and d/b/a Commonwealth Bariatric Center ("LCRH"), to answer under oath and in writing, within forty-five (45) days.

These Interrogatories and Requests for Production of Documents shall be deemed continuing and supplemental answers and production shall be required of you pursuant to CR 26.05 if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the responses are served and the documents are produced.

In complying, you should produce each document in its original form together with any non-identical copies of the document on which any mark, alteration or additional writing or change from the original, or from another copy, has been made or affixed.

All documents should be produced in their original folders, binders, or boxes, in the same order in which they are kept in the ordinary course of business, and shall include labels to show their source (e.g., "from Mr. Smith's desk"). Copies may be produced in lieu of the originals **if** complete copies are provided, including without limitation, inside and outside covers, dividers, tabs and the like, **and** if the originals are simultaneously available for inspection. Accordingly, each request herein for a document covers the original, each non-identical copy, as well as the folders, etc. in which the documents were kept.

Please identify all produced documents to the specifically numbered request for production of documents or interrogatory to which the documents are responsive.

In the event any document is withheld, in whole or in part, please provide a privilege log specifying at a minimum the date of the document, the author(s), the recipient(s), the type of document (letter, memo, e-mail, etc.), and the claim of privilege or protection upon which it is withheld. Please provide also your complete factual basis for that claim and a sufficient

summary description of the contents of the document to allow your claim of privilege to be independently determined.

In the event any document is redacted, altered or modified, in whole or in part, please ensure that the fact of redaction is **plainly and obviously** stated at the place where it is made, and please provide a privilege log as described above with respect to the redacted material.

The failure to provide the privilege log, or to plainly reflect any redaction, will be claimed as a waiver of any assertion of any claimed privilege or protection from discovery, or an intentional failure to make discovery, as the case may be.

In the event that you object to any Interrogatory or Request for Production of Documents, please state whether all responsive materials are nevertheless produced despite such objection. Failing such confirmation, we will assume that otherwise responsive materials known to Defendant or its counsel have been withheld from production or from the response to Interrogatory, as the case may be.

## INTERROGATORIES

**INTERROGATORY NO. 1:**      Please identify the individual(s) answering these Interrogatories and Requests for Admissions and identifying and compiling all documents responsive to Requests for Production of Documents.

**ANSWER:**


**INTERROGATORY NO. 2:**      Identify each individual having any knowledge of the facts related to the allegations in this complaint or any of the events involved in this action. For each such individual, please also give the occupation, title, and professional license number

(if applicable), relationship to the Defendant, and a brief description of such individual's knowledge.

ANSWER:


**INTERROGATORY NO. 3:**      If you maintain that the injuries of Joshua Mullins are attributable to the fault of any person or entity other than LCRH, whether in whole or in part, please state the name of each person or entity to whom you attribute such fault and state specifically the facts upon which you rely in support of your position.

ANSWER:


**INTERROGATORY NO. 4:**      Please identify the role of LCRH in providing any medical or nursing care or treatment, including treatment planning, discharge planning, and follow up, to Joshua Mullins.

ANSWER:


**INTERROGATORY NO. 5:**      Describe, in flowchart format, the organizational structure of LCRH applicable to the time period of August 2008 through April 2010, including the Department of Surgery and the Department for Bariatric Surgery, including but not limited to, the full name and title(s) of the Medical Director, Chief of Surgery, Director/chief of Bariatric Services, Assistant Directors, Safety Officers, Quality Control Officers, Board of Directors, Treatment Planning Coordinator/Supervisor, Discharge planning/coordination Supervisor, Nursing Supervisors, Bariatric surgery Nurses (include the nurses who hold a certification in Bariatric nursing) , and ICU structure and organization. The description of the organizational

structure should also include a description of the interface and/or relationship between the

LCRH, CBC, LifePoint, and Dr. Husted.

     **ANSWER:**


     **INTERROGATORY NO. 6:**     Please identify by name, address, telephone

number, position or title, all persons involved in the medical and nursing care and treatment of

Joshua Mullins from January, 2009, through present, and identify, with specificity, the nature of

their involvement in Mr. Mullins' care, including the dates each such person was present. Please

state whether each person was an employee or agent of LCRH, or one of its affiliated entities

during the dates in question and whether each person is currently an employee of LCRH or one

of its affiliates. A statement referring Plaintiff to the medical records shall not be a sufficient

answer to this Interrogatory.

     **ANSWER:**


     **INTERROGATORY NO. 7:**     Describe in detail your understanding or contention

as to the cause or causes of the injuries to Joshua Mullins that are the bases of the allegations in

this lawsuit.

     **ANSWER:**


     **INTERROGATORY NO. 8:**     Please state whether LCRH has been certified by

the Joint Commission specifically for bariatric surgery. If so, give the date LCRH became

certified and whether a certification has ever been suspended, limited and/or revoked.

     **ANSWER:**

**INTERROGATORY NO. 9:**     Within five (5) years prior to and up to present, has LCRH, CBC, and LifePoint ever been notified by or charged by any public or private entity, including but not limited to, One Joint Commission, ASMBS and/or SAGES with non-compliance of any rules, regulations, ordinances, standards, policies or practices?  If your answer is in the affirmative, state the following:

    a.  the person or entity who gave notice of the charges or non-compliances;

    b.  the date notice and/or charges was given; and

    a.  the rules, regulations, standards, or policies or practice that were involved.

**ANSWER:**

**INTERROGATORY NO. 10:**     Please state the total amount of available liability insurance applicable for all claims described in Plaintiff's Complaint.

**ANSWER:**

**INTERROGATORY NO. 11:**     Identify each person whom you intend to call as an expert witness at trial and please provide all information required under CR 26.02.

**ANSWER:**

**INTERROGATORY NO. 12:**     For each individual identified in Interrogatory No. 11, please provide the following:

    a.  a list of all cases reviewed by said individual in the last five (5) years;

    b.  the percentage of cases reviewed by said individual that were for plaintiffs and for defendants;

    c.  the average number of cases said individual reviews in a given year;

    d.  the states where cases said individual has reviewed were pending;

    e.  the case style, facts, lawyers and/or agencies and/or companies associated with each case;

    f.  identify the person(s) who retained said individual for each case;

    g.  the amount said individual was paid for his services in each case, including the hours said individual spent on the case;

    h.  state whether a report was prepared and/or a deposition was given by said individual in each case;

    i.  identify any case or action in which said individual appeared in court or appeared at trial; and

    j.  The expert's professional liability carrier.

**ANSWER:**


**INTERROGATORY NO. 14:**    List the title, date and publication of each document, article, exhibit, report, paper treatise, journal, abstract, statistic, literature, book, textbook, videotape, film or other material of any nature whatsoever, which you, your attorney and/or any experts will use or rely upon at the trial of this action.

**ANSWER:**


**INTERROGATORY NO. 15:**    Was an investigation conducted or an incident report, occurrence report, sentinel event report, root cause analysis, inter-office communiqué, anecdotal note, and/or peer review or other evaluation or verbal communication prepared concerning the care and treatment rendered to Joshua Mullins at any time from January 2009 to present?  If so, state the following:

a. the name, address, and title of the person conducting said investigation and preparing such report, inter-office communiqué, anecdotal note, peer review or other evaluation or verbal communication;

b. the date the investigation, report, inter-office communiqué, anecdotal note, peer review or other evaluation or verbal communication was conducted or made;

c. the substance of the investigation, report, inter-office communiqué, anecdotal note, peer review or other evaluation or verbal communication;

d. the name, address, and title of the person having custody of such report, inter-office communiqué, anecdotal note, peer review or other evaluation or verbal communication;

e. to whom the report, inter-office communiqué, anecdotal note, peer review or other evaluation or verbal communication was made, routed through, carbon copied to or bound copied to; and

f. names, titles, job description and last known address of people interviewed.

**ANSWER:**

**INTERROGATORY NO. 16:**     Please state whether the care and treatment of

Joshua Mullins was reported to any agency in any form, including to One Joint Commission,

One Joint Commission Disease-Specific Care Certification Program, the Society of American

Gastrointestinal and Endoscopic Surgeons ("SAGES"), the American Society of Metabolic and

Bariatric Surgery ("ASMBS"), or any other outside agency.

**ANSWER:**

**INTERROGATORY NO. 17:**     Please state whether LCRH ever conducted any

type of review on Dr. Husted's care and treatment of patients, either internal or external. If so,

please state what agency or individual conducted the review, when, and the outcome/conclusion

of such review.

**ANSWER:**

8

**INTERROGATORY NO. 18:**      For each allegation in the Complaint which you deny in whole or part, please give a complete description of all facts relied upon in making the denial, identify all persons having sufficient knowledge of each fact to be able to testify as a witness, identify all documents and tangible items relied upon in making the denial, and if any part of this interrogatory is answered on information and belief, state the specific information believed, the source of the information, when and in what manner the information was obtained, and why it is reasonable to believe the information is true.

**ANSWER:**


**INTERROGATORY NO. 19:**      Have you ever had a claim made against you and/or been sued for medical negligence in relation to bariatric surgery or other surgical procedures performed at LCRH by John D. Husted, M.D., or any of his partners, associates, agents or employees?  If your answer is in the affirmative, provide the information requested in the Definitions and Instructions.

**ANSWER:**


**INTERROGATORY NO. 20:**      State the nature of the relationship between this defendant and each defendant in this action including, but not limited to, defendants who may have been employees, partners, associates and independent contractors of LCRH from January 2009 to present.

**ANSWER:**

**INTERROGATORY NO. 21:**   State whether there is any additional information, other than the information contained in any medical records or the information referred to in your answers to Interrogatories or Requests for Production of Documents, which forms the basis of any defense that you will raise in this action.  If so, identify and describe with specificity all such information.

**ANSWER:**

**INTERROGATORY NO. 22:**   Did any agent or employee of the defendant render medical service or advice to or for Joshua Mullins over the telephone?  If so, for each instance, identify the individual rendering medical and/or other types of service or advice, the date of the conversation, the substance of the conversation, the service or advice given, and the reasons why the individual felt a personal visit was not necessary.

**ANSWER:**

**INTERROGATORY NO. 23:**   For any change implemented by this Defendant since January 2008 in its business practices, procedures, policies relating to bariatrics, please state the date of each change, the reason for each change, the person responsible for designing and/or implementing the change, and the nature of the change.

**ANSWER:**

**INTERROGATORY NO. 24:**   Please identify any resources, policies, procedures, treatises, books, journals, websites or web resources or other documents Defendant provided or

had available for its employees, agents, or servants concerning complications from a duodenal switch surgery.

**ANSWER:**

**INTERROGATORY NO. 25:**     Please identify all individuals and entities retained, hired, contracted or otherwise employed by LCRH during the period of August 2008 to April 2010 to prepare and distribute television, radio and print advertisements in any way related to bariatric services at LCRH, CBC, LifePoint, and John D. Husted, M.D.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    Produce all documents in your possession or subject to your control pertaining to any internal and/or external review of the treatment of Joshua Mullins, including but not limited to, inter-office communiqué, anecdotal note, peer review, quality assurance review, investigation by risk management or the like.

**RESPONSE:**

**REQUEST NO. 2:**    Produce all documents in your possession or subject to your control pertaining to any incident reports, occurrence reports, sentinel event reports, or any other reports prepared for internal purposes or for submission to any governing body, regulating entity, medical association or other private or public agency or institution, relating in any manner to Joshua Mullins.

**RESPONSE:**

11

**REQUEST NO. 3:**   Produce all documents of any type provided to and/or received from the Joint Commission relating in any way to LCRH's bariatric services from the time such services were available at LCRH through today.

**RESPONSE:**

**REQUEST NO. 4:**   Produce all documents provided to and/or received from any agency and/or individual who performed any type of review of Dr. Husted's care and treatment of patients at LCRH.

**RESPONSE:**

**REQUEST NO. 5:**   Produce all statements, whether handwritten, typed, audio or video, in your possession or that of your counsel, or subject to the control of either you or your counsel, made by anyone with respect to Joshua Mullins.

**RESPONSE:**

**REQUEST NO. 6:**   Produce all Policies and Procedures, Staff By-Laws, and Departmental Rules and Regulations or similar documents establishing institutional procedures in effect on January 1, 2008 and subsequent thereto, at LCRH, including but not limited to:

    a.  Medical Staff By-Laws, Rules and Regulations and related policies;
    b.  The overall quality assurance/improvement/performance improvement/ program or plan of similar nature for the Hospital, the nursing staff, the medical staff and the Departments of Bariatric Surgery and General Surgery;
    c.  The risk management plan or program of similar import for the Hospital, the nursing staff, the medical staff, and the Departments of Bariatric Surgery and General Surgery;

    d. All Departmental rules and regulations or the like for the Departments of Bariatric Surgery and General Surgery;

    e. All credentialing protocols and practices, both for initial credentialing and renewal credentialing of medical staff in the Departments of Bariatric Surgery and General Surgery;

    f. Nursing Standards for the Departments of Bariatric Surgery and General Surgery.

    g. All credentialing and staff privilege, policies and procedures; and

    h. All policies and procedures related to discharge and follow-up care of patients.

**RESPONSE:**

**REQUEST NO. 7:**   Please produce the minutes, notes or similar documentation of any committee meeting at which there was any discussion of the matters involved in Joshua Mullins and/or this case.

**RESPONSE:**

**REQUEST NO. 8:**   Please produce the entire recruiting files, credentialing files, physician files, quality file, human resource files, peer review files, occurrence files, privileges, physician profile or any other documents maintained at any time by LCRH on John D. Husted, M.D., all of which are discoverable according to the Supreme Court of Kentucky's holding in *Sisters of Charity Health System Inc. v. Raikes*, 984 S.W.2d 464 (Ky. 1999).

**RESPONSE:**

**REQUEST NO. 9:**   Please produce all contracts or other agreements between LCRH and John D. Husted, M.D.

**RESPONSE:**

**REQUEST NO. 10:**  Produce all Joint Commission requirements and recommendations related to bariatric surgery.

**RESPONSE:**

**REQUEST NO. 11:**  Produce current, legible and complete curriculum vitae of each expert witness who may testify in the trial of this action.  Please have each expert witness denote on the CV any article(s), abstracts, treatise(s), study(ies), or any other material listed which he/she believes is relevant to the subject case.

**RESPONSE:**

**REQUEST NO. 12:**  Produce all statements or recorded interviews taken and/or information obtained regarding this matter.

**RESPONSE:**

**REQUEST NO. 13:**  Produce a copy of all insurance policies, including excess, umbrella or underlying, in effect between September 1, 2009 through today.

**RESPONSE:**

**REQUEST NO. 14:**  Produce any and all records/writings and computer information kept concerning Joshua Mullins, even if temporarily, including, but not limited to, records, flowsheets, log books, lab data, blood bank logs, care plans, and any computer printouts; and billing and financial information, and any computer printouts and any other computer data, taking care to white-out the names of other patients to maintain confidentiality.

**RESPONSE:**

**REQUEST NO. 15:**  Produce an organizational structure for LCRH, its departments of bariatric and general surgery, John D. Husted, M.D., CBC, LifePoint, and any other entities through which LCRH is or was associated with John D. Husted, M.D.

**RESPONSE:**

**REQUEST NO. 16:**  Produce a copy of all correspondence, notes or other memoranda or documents of any nature whatsoever, made by or in the possession or control of Defendant or any of its employees or agents relative to Joshua Mullins.  If any document is withheld due to a claim of privilege, produce a legally valid privilege log for any document.

**RESPONSE:**

**REQUEST NO. 17:**  Produce copies or a list of each document, report, paper, article, treatise, abstract, book, textbook, statistic, literature, videotape, film or other material of any nature whatsoever, upon which you, your attorney or any of your expert witnesses will base his or her opinion on or will rely upon or use at the trial of this action.

**RESPONSE:**

**REQUEST NO. 18:**  Produce all documents supporting or relating to any defense in this case.

**RESPONSE:**

**REQUEST NO. 19:**   Produce a copy of all correspondence, notes or other memoranda, documents or things of any nature relative to Joshua Mullins created by or at the direction of, or in the possession or control of, LCRH or any of its employees or agents.

**RESPONSE:**

**REQUEST NO. 20:**   Produce copies of all documents, records, or other writings or tangible things relied upon or consulted or referred to in connection with preparing your answers to the preceding Interrogatories and Request for Production of Documents.

**RESPONSE:**

**REQUEST NO. 21:**   Produce the index and/or listing of all available resources used in education and in service training for the staff, employees, agents, associates, physicians, and partners including, but not limited to, videos, handouts, books, etc., which address bariatric surgery and potential complications of bariatric procedures.

**RESPONSE:**

**REQUEST NO. 22:**   Produce a copy of any report, including factual observations and opinions, which have been prepared by any expert identified in Interrogatory No. 11.

**RESPONSE:**

**REQUEST NO. 23:**  Produce copies of all exhibits you, your attorney, your insurance company or any expert or witness testifying on or for your behalf intends to rely upon, utilize or present at trial.

**RESPONSE:**


**REQUEST NO. 24:**  Produce any articles, lectures, abstracts, medical treatises or other works or any presentations, including, but not limited to, any poster-board or PowerPoint presentations, any experts you have retained for trial have authored, co-authored, or presented concerning duodenal switch bariatric procedures.

**RESPONSE:**


**REQUEST NO. 25:**  Produce color copies of all print advertisements, brochures, TV advertisements, handouts, pamphlets, letters, magazine and newspaper advertisements, billboard signs, website pages, internet blogs and forums, and any other forms of advertisements in circulation for the period of January 2008 through December 2010 in the custody and control of LCRH related in any way to CBC, LifePoint, and John D. Husted, M.D.

**RESPONSE:**


**REQUEST NO. 26:**  Produce, in MPEG1 format, copies of all audio and video recordings aired on any television station, radio station or internet website in circulation for the period of January 2008 to December 2010 related in any way to bariatric services at LCRH, CBC, LifePoint, and John D. Husted, M.D.

**RESPONSE:**

## REQUEST FOR ADMISSION

**REQUEST NO. 1:**   Admit that all documents you have produced in response to these

Request for Production of Documents are authentic, and are what they purport to be.

**RESPONSE:**

*Sheldon Haden*
Ann B. Oldfather
Richard V. Evans
Sheldon L. Haden
OLDFATHER LAW FIRM
1330 South Third Street
Louisville, KY  40208
Telephone: (502) 637-7200
Facsimile: (502) 637-3999
*Counsel for Plaintiff*

COMMONWEALTH OF KENTUCKY
PULASKI CIRCUIT COURT
DIVISION +
CIVIL ACTION NO. *12-CI-01209*

FILED
GEORGE FLYNN, CLERK
SEP. 21 2012
PULASKI CIRC/DIST COURT
BY_____ D.C.

JOSHUA MULLINS                                                    PLAINTIFF

v.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION
OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT, LIFEPOINT
OF LAKE CUMBERLAND, LLC**

LAKE CUMBERLAND REGIONAL HOSPITAL, LLC                    DEFENDANTS
D/B/A LAKE CUMBERLAND REGIONAL HOSPITAL
and D/B/A COMMONWEALTH BARIATRIC CENTER
305 Langdon Street
Somerset, KY 42503
        SERVE:        CT Corporation System
                      306 W. Main St., Suite 512
                      Frankfort, KY 40601


LIFEPOINT OF LAKE CUMBERLAND, LLC
103 Powell Court, Suite 300
Brentwood, TN 37027
        SERVE:        CT Corporation System
                      306 W. Main Street, Suite 512
                      Frankfort, KY 40601


JOHN HUSTED, M.D.
36491 Yamas Drive, #201
Wildomar, CA 92595
        SERVE:    Kentucky Secretary of State
                  Summonses Branch
                  700 Capital Avenue, Suite 86
                  Frankfort, KY 40601

* * * * * * * * *

Plaintiff, Joshua Mullins, by counsel, pursuant to CR 33, 34, and 36, submit the following

Interrogatories, Requests for Production of Documents, and Request for Admissions to

Defendant, LifePoint of Lake Cumberland, LLC ("LifePoint"), to answer under oath and in writing, within forty-five (45) days from service hereof.

These Interrogatories and Requests for Production of Documents shall be deemed continuing and supplemental answers and production shall be required of you pursuant to CR 26.05 if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the responses are served and the documents are produced.

In complying, you should produce each document in its original form together with any non-identical copies of the document on which any mark, alteration or additional writing or change from the original, or from another copy, has been made or affixed.

All documents should be produced in their original folders, binders, or boxes, in the same order in which they are kept in the ordinary course of business, and shall include labels to show their source (e.g., "from Mr. Smith's desk"). Copies may be produced in lieu of the originals **if** complete copies are provided, including without limitation, inside and outside covers, dividers, tabs and the like, **and** if the originals are simultaneously available for inspection. Accordingly, each request herein for a document covers the original, each non-identical copy, as well as the folders, etc. in which the documents were kept.

Please identify all produced documents to the specifically numbered request for production of documents or interrogatory to which the documents are responsive.

In the event any document is withheld, in whole or in part, please provide a privilege log specifying at a minimum the date of the document, the author(s), the recipient(s), the type of document (letter, memo, e-mail, etc.), and the claim of privilege or protection upon which it is withheld. Please provide also your complete factual basis for that claim and a sufficient

summary description of the contents of the document to allow your claim of privilege to be independently determined.

In the event any document is redacted, altered or modified, in whole or in part, please ensure that the fact of redaction is **plainly and obviously** stated at the place where it is made, and please provide a privilege log as described above with respect to the redacted material.

The failure to provide the privilege log, or to plainly reflect any redaction, will be claimed as a waiver of any assertion of any claimed privilege or protection from discovery, or an intentional failure to make discovery, as the case may be.

In the event that you object to any Interrogatory or Request for Production of Documents, please state whether all responsive materials are nevertheless produced despite such objection. Failing such confirmation, we will assume that otherwise responsive materials known to Defendant or its counsel have been withheld from production or from the response to Interrogatory, as the case may be.

## INTERROGATORIES

**INTERROGATORY NO. 1:**       Please identify the individual(s) answering these Interrogatories and Requests for Admissions and identifying and compiling all documents responsive to Requests for Production of Documents.

**ANSWER:**


**INTERROGATORY NO. 2:**       Identify each individual having any knowledge of the facts related to the allegations in this complaint or any of the events involved in this action. Please provide the individual's occupation, title, relationship to the Defendant, and a brief description of such individual's knowledge.

3

**ANSWER:**


**INTERROGATORY NO. 3:**      If you maintain that the injuries of Joshua Mullins

are attributable to the fault of any person or entity other than LifePoint, whether in whole or in

part, please state the name of each person or entity to whom you attribute such fault and state

specifically the facts upon which you rely in support of your position.

**ANSWER:**


**INTERROGATORY NO. 4:**      Please identify the role of LifePoint in providing

any medical care or treatment to Joshua Mullins.

**ANSWER:**


**INTERROGATORY NO. 5:**      Describe, in flowchart format, the organizational

structure of LifePoint applicable to the time period of January 2009 through December 2010,

including the Department of Surgery, Department for Bariatric Surgery, the full name and title(s)

of the Medical Director, Chief of Surgery, Director/Chief of Bariatric Services, Assistant

Directors, Safety Officers, Quality Control Officers, Board of Directors, Nursing Supervisors,

and bariatric surgery nurses.  The organizational structure should include a description of the

interface and/or relationship between Lake Cumberland Regional Hospital, LLC ("LCRH"),

Commonwealth Bariatric Center ("CBC"), LifePoint, and Dr. Husted.

**ANSWER:**

4

**INTERROGATORY NO. 6:**    Please identify by name, address, telephone number, position or title, all persons involved in the medical care and treatment of Joshua Mullins from January, 2009, through present, and identify, with specificity, the nature of their involvement in Mr. Mullins' care, including the dates each such person was present. Please state whether each person was an employee or agent of LifePoint, or one of its affiliated entities during the dates in question and whether each person is currently an employee of LifePoint or one of its affiliates. A statement referring Plaintiff to the medical records shall not be a sufficient answer to this Interrogatory.

**ANSWER:**

**INTERROGATORY NO. 7:**    Describe in detail your understanding or contention as to the cause or causes of the injuries to Joshua Mullins that are the bases of the allegations in this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 8:**    Please state whether LifePoint has been certified by the Joint Commission specifically for bariatric surgery. If so, give the date LifePoint became certified and whether a certification has ever been suspended, limited and/or revoked.

**ANSWER:**

**INTERROGATORY NO. 9:**    Within five (5) years prior to January 1, 2009, has LifePoint been notified by or charged by any public or private entity, including but not limited to, One Joint Commission, ASMBS and/or SAGES with non-compliance of any rules,

regulations, ordinances, standards, policies or practices?  If your answer is in the affirmative, state the following:

     a.  the person or entity who gave notice of the charges or non-compliances;

     b.  the date notice and/or charges was given; and

     a.  the rules, regulations, standards, or policies or practice that were involved.

**ANSWER:**


**INTERROGATORY NO. 10:**     Please state the total amount of available liability insurance applicable for all claims described in Plaintiff's Complaint.

**ANSWER:**


**INTERROGATORY NO. 11:**     Identify each person whom you intend to call as an expert witness at trial and please provide all information required under CR 26.02.

**ANSWER:**


**INTERROGATORY NO. 12:**     For each individual identified in Interrogatory No. 11, please provide the following:

     a.  a list of all cases reviewed by said individual in the last five (5) years;

     b.  the percentage of cases reviewed by said individual that were for plaintiffs and for defendants;

     c.  the average number of cases said individual reviews in a given year;

     d.  the states where cases said individual has reviewed were pending;

     e.  the case style, facts, lawyers and/or agencies and/or companies associated with each case;

     f.  identify the person(s) who retained said individual for each case;

    g.  the amount said individual was paid for his services in each case, including the hours said individual spent on the case;

    h.  state whether a report was prepared and/or a deposition was given by said individual in each case;

    i.  identify any case or action in which said individual appeared in court or appeared at trial; and

    j.  the expert's professional liability carrier.

**ANSWER:**

**INTERROGATORY NO. 14:**    List the title, date and publication of each document, article, exhibit, report, paper treatise, journal, abstract, statistic, literature, book, textbook, videotape, film or other material of any nature whatsoever, which you, your attorney and/or any experts will use or rely upon at the trial of this action.

**ANSWER:**

**INTERROGATORY NO. 15:**    Was an investigation conducted or an incident report, occurrence report, sentinel event report, root cause analysis, inter-office communiqué, anecdotal note, and/or peer review or other evaluation or verbal communication prepared concerning the care and treatment rendered to Joshua Mullins at any time from January 2009 to present? If so, state the following:

    a.  the name, address, and title of the person conducting said investigation and preparing such report, inter-office communiqué, anecdotal note, peer review or other evaluation or verbal communication;

    b.  the date the investigation, report, inter-office communiqué, anecdotal note, peer review or other evaluation or verbal communication was conducted or made;

    c.  the substance of the investigation, report, inter-office communiqué, anecdotal note, peer review or other evaluation or verbal communication;

    d.  the name, address, and title of the person having custody of such report, inter-office communiqué, anecdotal note, peer review or other evaluation or verbal communication;

    e.  to whom the report, inter-office communiqué, anecdotal note, peer review or other evaluation or verbal communication was made, routed through, and copied to; and

    f.  names, titles, job description and last known address of people interviewed.

**ANSWER:**

**INTERROGATORY NO. 16:**    Please state whether the care and treatment of Joshua Mullins was reported to any agency in any form (i.e. verbal or written), including to One Joint Commission, the Society of American Gastrointestinal and Endoscopic Surgeons ("SAGES"), the American Society of Metabolic and Bariatric Surgery ("ASMBS"), or any other outside agency.

**ANSWER:**

**INTERROGATORY NO. 17:**    Please state whether LifePoint conducted any type of review of Dr. Husted's care and treatment of patients, either internal or external. If so, please state what agency or individual conducted the review and when, and the outcome/conclusion of such review.

**ANSWER:**

**INTERROGATORY NO. 18:**    For each allegation in the Complaint which you deny in whole or part, please give a complete description of all facts relied upon in making the denial, identify all persons having sufficient knowledge of each fact to be able to testify as a witness, identify all documents and tangible items relied upon in making the denial, and if any

8

part of this interrogatory is answered on information and belief, state the specific information

believed, the source of the information, when and in what manner the information was obtained,

and why it is reasonable to believe the information is true.

**ANSWER:**


**INTERROGATORY NO. 19:**      Has LifePoint, its parent, and subsidiaries ever had

a claim made against them and/or been sued for medical negligence in relation to bariatric

surgery or other surgical procedures performed at one of its facilities by John D. Husted, M.D.,

or any of his partners, associates, agents or employees?  If your answer is in the affirmative,

provide the information requested in the Definitions and Instructions.

**ANSWER:**


**INTERROGATORY NO. 20:**      State the nature of the relationship between

LifePoint, LCRH, CBC, and Dr. Husted including, but not limited to, defendants who may have

been employees, partners, associates and independent contractors of LifePoint from January

2009 to present.

**ANSWER:**


**INTERROGATORY NO. 21:**      State whether there is any additional information,

other than the information contained in any medical records or the information referred to in

your answers to Interrogatories or Requests for Production of Documents, which forms the basis

of any defense you will raise in this action.  If so, identify and describe with specificity all such

information.

**ANSWER:**

**INTERROGATORY NO. 23:**      For any change implemented by LifePoint since
January 2009 in its business practices, procedures, or policies relating to bariatrics, please state
the date of each change, the reason for each change, the person responsible for designing and/or
implementing the change, and the nature of the change.

**ANSWER:**

**INTERROGATORY NO. 24:**      Please identify any resources, policies, procedures,
treatises, books, journals, websites or web resources or other documents LifePoint provided or
had available for its employees, agents, or servants concerning duodenal switch surgery.

**ANSWER:**

**INTERROGATORY NO. 25:**      Please identify all individuals and entities retained,
hired, contracted or otherwise employed by LifePoint during the period of August 2008 to April
2010 to prepare and distribute television, radio and print advertisements in any way related to
bariatric services at LifePoint.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Produce all documents in your possession or subject to your
control pertaining to any internal and/or external review of the treatment of Joshua Mullins,

10

including but not limited to, inter-office communiqué, anecdotal note, peer review, quality
assurance review, investigation by risk management or the like.

**RESPONSE:**


    **REQUEST NO. 2:**   Produce all documents in your possession or subject to your
control pertaining to any incident reports, occurrence reports, sentinel event reports, or any other
reports prepared for internal purposes or for submission to any governing body, regulating entity,
medical association or other private or public agency or institution, relating in any manner to
Joshua Mullins.

**RESPONSE:**


    **REQUEST NO. 3:**   Produce all documents of any type provided to and/or received
from the Joint Commission relating in any way to LifePoint's bariatric services from the time
such services were available through today.

**RESPONSE:**


    **REQUEST NO. 4:**   Produce all documents provided to and/or received from any
agency and/or individual who performed any type of review of Dr. Husted's care and treatment
of patients at LifePoint.

**RESPONSE:**

**REQUEST NO. 5:**   Produce all statements, whether handwritten, typed, audio or video, in your possession or that of your counsel, or subject to the control of either you or your counsel, made by anyone with respect to Joshua Mullins.

**RESPONSE:**


**REQUEST NO. 6:**   Produce all Policies and Procedures, Staff By-Laws, and Departmental Rules and Regulations or similar documents establishing institutional procedures in effect on August 1, 2008 and subsequent thereto, at LifePoint, including but not limited to:

    a.  Medical Staff By-Laws, Rules and Regulations and related policies;

    b.  The overall quality assurance/improvement/performance improvement/program or plan of similar nature for LifePoint, the nursing staff, the medical staff and the Departments of Bariatric Surgery and General Surgery;

    c.  The risk management plan or program of similar import for LifePoint, the nursing staff, the medical staff, and the Departments of Bariatric Surgery and General Surgery;

    d.  All Departmental rules and regulations or the like for the Departments of Bariatric Surgery and General Surgery;

    e.  All credentialing protocols and practices, both for initial credentialing and renewal credentialing of medical staff in the Departments of Bariatric Surgery and General Surgery;

    f.  Nursing Standards for the Departments of Bariatric Surgery and General Surgery;

    g.  All credentialing and staff privilege policies and procedures; and

    h.  All policies and procedures related to discharge and follow-up care of patients.

**RESPONSE:**


**REQUEST NO. 7:**   Please produce the minutes, notes or similar documentation of any committee meeting at which there was any discussion of the matters involved in Joshua Mullins and/or this case.

**RESPONSE:**

**REQUEST NO. 8:**   Please produce the entire recruiting files, credentialing files, physician files, quality file, human resource files, peer review files, occurrence files, privileges, physician profile or any other documents maintained at any time by LifePoint on John D. Husted, M.D., all of which are discoverable according to the Supreme Court of Kentucky's holding in *Sisters of Charity Health System Inc. v. Raikes*, 984 S.W.2d 464 (Ky. 1999).

**RESPONSE:**


**REQUEST NO. 9:**   Please produce all contracts or other agreements between LifePoint and John D. Husted, M.D.

**RESPONSE:**


**REQUEST NO. 10:**   Produce current, legible and complete curriculum vitae of each expert witness who may testify in the trial of this action.  Please have each expert witness denote on the CV any article(s), abstracts, treatise(s), study(ies), or any other material listed which he/she believes is relevant to the subject case.

**RESPONSE:**


**REQUEST NO. 11:**   Produce all statements or recorded interviews taken and/or information obtained regarding this matter.

**RESPONSE:**

13

**REQUEST NO. 12:**  Produce a copy of all insurance policies, including excess, umbrella or underlying, in effect between September 1, 2009 through today.

**RESPONSE:**

**REQUEST NO. 13:**  Produce any and all records/writings and computer information kept concerning Joshua Mullins, even if temporarily, including, but not limited to, records, flowsheets, log books, lab data, blood bank logs, care plans, billing and financial information, and any other computer data.

**RESPONSE:**

**REQUEST NO. 14:**  Produce an organizational structure for LifePoint, its parent, subsidiaries, departments of bariatric and general surgery, John D. Husted, M.D., CBC, LCRH, and any other entities through which LifePoint is or was associated with John D. Husted, M.D.

**RESPONSE:**

**REQUEST NO. 15:**  Produce a copy of all correspondence, notes, or other memoranda or documents of any nature whatsoever, made by or in the possession or control of Defendant or any of its employees or agents relative to Joshua Mullins.  If any document is withheld due to a claim of privilege, produce a legally valid privilege log for any document.

**RESPONSE:**

**REQUEST NO. 16:**  Produce copies or a list of each document, report, paper, article, treatise, abstract, book, textbook, statistic, literature, videotape, film or other material of any

nature whatsoever, upon which you, your attorney or any of your expert witnesses will base his or her opinion on or will rely upon or use at the trial of this action.

**RESPONSE:**


**REQUEST NO. 17:**  Produce all documents supporting or relating to any defense in this case.

**RESPONSE:**


**REQUEST NO. 18:**  Produce a copy of all correspondence, notes or other memoranda, documents or things of any nature relative to Joshua Mullins created by or at the direction of, or in the possession or control of, LifePoint or any of its employees or agents.

**RESPONSE:**


**REQUEST NO. 19:**  Produce copies of all documents, records, or other writings or tangible things relied upon or consulted or referred to in connection with preparing your answers to the preceding Interrogatories and Request for Production of Documents.

**RESPONSE:**


**REQUEST NO. 20:**  Produce the index and/or listing of all available resources used in education and in service training for the staff, employees, agents, associates, physicians, and partners including, but not limited to, videos, handouts, books, etc., which address bariatric surgery and potential complications of bariatric procedures.

**RESPONSE:**

**REQUEST NO. 21:**  Produce a copy of any report, including factual observations and opinions, which have been prepared by any expert identified in Interrogatory No. 11.

**RESPONSE:**

**REQUEST NO. 22:**  Produce copies of all exhibits you, your attorney, your insurance company or any expert or witness testifying on or for your behalf intends to rely upon, utilize or present at trial.

**RESPONSE:**

**REQUEST NO. 23:**  Produce any articles, lectures, abstracts, medical treatises or other works or any presentations, including, but not limited to, any poster-board or PowerPoint presentations, any experts you have retained for trial have authored, co-authored, or presented concerning duodenal switch bariatric procedures.

**RESPONSE:**

**REQUEST NO. 24:**  Produce color copies of all print advertisements, brochures, TV advertisements, handouts, pamphlets, letters, magazine and newspaper advertisements, billboard signs, website pages, internet blogs and forums, and any other forms of advertisements in circulation for the period of January 2008 to January 2010 in the custody and control of LifePoint related in any way to CBC, LCRH, and John D. Husted, M.D.

**RESPONSE:**

16

**REQUEST NO. 25:** Produce, in MPEG1 format, copies of all audio and video recordings aired on any television station, radio station or internet website in circulation for the period of January 2008 to January 2010 related in any way to bariatric services at LCRH, CBC, LifePoint, and John D. Husted, M.D.

**RESPONSE:**

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that all documents you have produced in response to these Request for Production of Documents are authentic, and are what they purport to be.

**RESPONSE:**

**REQUEST NO. 2:** Admit that LCRH is a subsidiary of LifePoint Hospitals, Inc.

**RESPONSE:**

**REQUEST NO. 3:** Admit that LifePoint provides resources, services, technology, and capital to LCRH.

**RESPONSE:**

**REQUEST NO. 4:** Admit that LifePoint provides access to a host of resources, including clinical, operational, and management experts, to LCRH.

**RESPONSE:**

**REQUEST NO. 5:**   Admit that LifePoint provides best practices to LCRH.

**RESPONSE:**


**REQUEST NO. 6:**   Admit that LifePoint provides assistance in recruiting and retaining

physicians to LCRH.

**RESPONSE:**


*Sheldon Haden*

Ann B. Oldfather
Sheldon L. Haden
OLDFATHER LAW FIRM
1330 South Third Street
Louisville, KY 40208
Telephone: (502) 637-7200
Facsimile: (502) 637-3999
aoldfather@oldfather.com
shaden@oldfather.com
*Counsel for Plaintiff*

18

FILED
GEORGE FLYNN, CLERK

SEP. 2 1 2012

PULASKI CIRC/DIST COURT
BY _____ D.C.

COMMONWEALTH OF KENTUCKY
PULASKI CIRCUIT COURT
DIVISION *I*
CIVIL ACTION NO. *12-CI-01209*

JOSHUA MULLINS                                                              PLAINTIFF

v.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT, JOHN HUSTED, M.D.

LAKE CUMBERLAND REGIONAL HOSPITAL, LLC                    DEFENDANTS
D/B/A LAKE CUMBERLAND REGIONAL HOSPITAL
and D/B/A COMMONWEALTH BARIATRIC CENTER
305 Langdon Street
Somerset, KY 42503
          SERVE:      CT Corporation System
                      306 W. Main St., Suite 512
                      Frankfort, KY 40601


LIFEPOINT OF LAKE CUMBERLAND, LLC
103 Powell Court, Suite 300
Brentwood, TN 37027
          SERVE:      CT Corporation System
                      306 W. Main Street, Suite 512
                      Frankfort, KY 40601


JOHN HUSTED, M.D.
36491 Yamas Drive, #201
Wildomar, CA 92595
          SERVE:   Kentucky Secretary of State
                   Summonses Branch
                   700 Capital Avenue, Suite 86
                   Frankfort, KY 40601

* * * * * * * * *

    Plaintiff, Joshua Mullins, by counsel, pursuant to CR 33, 34 and 36 of the Kentucky

Rules of Civil Procedure, submits the following Interrogatories, Requests for Production of

Documents, and Request for Admissions to Defendant, John Husted, M.D., to answer under oath and in writing, within forty-five (45) days.

These Interrogatories and Requests shall be deemed continuing and supplemental answers and production shall be required of you, pursuant to CR 26.05, if you or your counsel, directly or indirectly, obtain further information of the nature sought herein after the time the responses are served and the documents are produced.

In complying, you should produce each document in its original form together with any non-identical copies of the document on which any mark, alteration or additional writing or change from the original, or from another copy, has been made or affixed.

All documents should be produced in their original folders, binders, or boxes, in the same order in which they are kept in the ordinary course of business, and shall include labels to show their source (e.g., "from Mr. Smith's desk"). Copies may be produced in lieu of the originals **if** complete copies are provided, including without limitation, inside and outside covers, dividers, tabs and the like, **and** if the originals are simultaneously available for inspection. Accordingly, each request herein for a document covers the original, each non-identical copy, as well as the folders, etc. in which the documents were kept.

Please identify all produced documents to the specifically numbered request for production of documents or interrogatory to which the documents are responsive.

In the event any document is withheld, in whole or in part, please provide a privilege log specifying at a minimum the date of the document, the author(s), the recipient(s), the type of document (letter, memo, e-mail, etc.), and the claim of privilege or protection upon which it is withheld. Please provide also your complete factual basis for that claim and a sufficient

2

summary description of the contents of the document to allow your claim of privilege to be independently determined.

In the event any document is redacted, altered or modified, in whole or in part, please ensure that the fact of redaction is **plainly and obviously** stated at the place where it is made, and please provide a privilege log as described above with respect to the redacted material.

The failure to provide the privilege log, or to plainly reflect any redaction, will be claimed as a waiver of any assertion of any claimed privilege or protection from discovery, or an intentional failure to make discovery, as the case may be.

In the event that you object to any Interrogatory or Request, please state whether all responsive materials are nevertheless produced despite such objection. Failing such confirmation, we will assume that otherwise responsive materials known to Defendant or its counsel have been withheld from production or from the response to Interrogatory, as the case may be.

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify any person aiding in, or contributing in any other way to, preparing responses to these Interrogatories and identifying and locating documents responsive to Requests for Production of Documents.

**ANSWER:**


**INTERROGATORY NO. 2:**     Identify each individual having any knowledge of the facts related to the allegations in this complaint or any of the events involved in this action. For each such individual, please also give the occupation, title, and professional license number (if applicable), relationship to the Defendant, and a brief description of such individual's

knowledge. If you refuse to identify any witness, clearly state any claim of privilege by describing the witness in general (i.e. consulting expert) and identifying the specific privilege asserted.

**ANSWER:**

     **INTERROGATORY NO. 3:**    If you maintain that the injuries to Joshua Mullins are attributable to the fault of any person (including Joshua Mullins) or entity other than John Husted, M.D., whether in whole or in part, please state the name of each person or entity to whom you attribute such fault and state specifically the facts upon which you rely in support of your position.

**ANSWER:**

     **INTERROGATORY NO. 4:**    Describe in detail your understanding or contention as to the cause or causes of Joshua Mullins' injuries that are the bases of the allegations in this lawsuit.

**ANSWER:**

     **INTERROGATORY NO. 5:**    State whether you have ever been notified by or charged by any public or private entity, internal or external, with non-compliance of any rules, regulations, ordinances, standards, policies or practices?  If your answer is in the affirmative, state the following:

    a.  identify the person or entity who gave notice of the charges or non-compliances;

    b.  the date notice and/or charges was given; and

    c.  list the rules, regulations, standards, or policies or practice that were involved.

**ANSWER:**

**INTERROGATORY NO. 6:**        State whether you have ever been terminated or had privileges suspended, revoked, limited and/or been the subject of inquiry at any medical institution or health care facility for any reason whatsoever.  If your answer is in the affirmative, provide information identifying all of the circumstances and the results.

**ANSWER:**

**INTERROGATORY NO. 7:**        Have you ever been charged or convicted of a misdemeanor or felony?  If your answer is in the affirmative, please provide the full case style, case number, and a summary of the charges filed against you and one disposition.

**ANSWER:**

**INTERROGATORY NO. 8:**        Please state what you contend to be the total amount of your available liability insurance applicable for all claims described in Plaintiff's Complaint.

**ANSWER:**

**INTERROGATORY NO. 9:**        Has any insurer notified you of any reservation of rights or other defenses as to coverage with respect to any policy which may be applicable to the claims stated in Plaintiff's Complaint?

**ANSWER:**

**INTERROGATORY NO. 10:**     Identify each person whom you intend to call as an expert witness at trial and please provide all information required under CR 26.02.

**ANSWER:**

**INTERROGATORY NO. 11:**     List the title, date and publication of each document, article, exhibit, report, paper treatise, journal, abstract, statistic, literature, book, textbook, videotape, film or other material of any nature whatsoever, which you, your attorney and/or any experts will use or rely upon at the trial of this action.

**ANSWER:**

**INTERROGATORY NO. 12:**     State whether there is any information contained in the medical records of Joshua Mullins, or other documents referred to in your answers to these Interrogatories and the Request for Production of Documents served herewith, which to your knowledge is incorrect, inaccurate or misleading.  If your answer is in the affirmative, identify each and every such piece of information and describe specifically how you believe it is incorrect, inaccurate or misleading.

**ANSWER:**

**INTERROGATORY NO. 13:**     Did you or your agents and employees have any privileges, contracts, agreements, whether verbal, written, formal or informal, between any locality, person, entity, government body, hospital, or facility for treatment of bariatric patients, both surgically and non-surgically, during the period of January 1, 2008 through December 31, 2010?  If your answer is in the affirmative, please identify the entities, persons or individuals

who are party(ies) to said contract or agreement, the person who prepared any document memorializing the contract or agreement, the date said contract or agreement was made, and your understanding of the terms of said contract or agreement.

**ANSWER:**

**INTERROGATORY NO. 14:**     For each allegation in the Complaint which you deny in whole or part, please give a complete description of all facts relied upon in making the denial, identify all persons having sufficient knowledge of each fact to be able to testify as a witness, identify all documents and tangible items relied upon in making the denial, and if any part of this interrogatory is answered on information and belief, state the specific information believed, the source of the information, when and in what manner the information was obtained, and why it is reasonable to believe the information is true.

**ANSWER:**

**INTERROGATORY NO. 15:**     For each affirmative defense raised by you in your Answer to the Complaint, please give a complete description of all facts relied upon in raising the defense, identify all persons having sufficient knowledge of each fact to be able to testify as a witness, identify all documents and tangible items relied upon in raising the defense, and if any part of this interrogatory is answered on information and belief, state for the specific information believed, the source of the information, when and in what manner the information was obtained, and why it is reasonable to believe the information is true.

**ANSWER:**

7

**INTERROGATORY NO. 16:**    Have you ever had a claim made against you and/or been sued for medical negligence in relation to bariatric surgery or other surgical procedures and/or medical care provided or performed by you, or any of your partners, associates, agents or employees?  If your answer is in the affirmative, provide the full case style, court, court number, summary of allegations and defenses and final disposition, whether dismissed, settled or tried, and amount of any settlement or verdict.

**ANSWER:**

**INTERROGATORY NO. 17:**    State the nature of the relationship between yourself and each defendant in this action including, but not limited to, defendants who may have been employees, partners, associates and independent contractors of LCRH, CBC, and LifePoint between January 1, 2008 and December 31, 2010.

**ANSWER:**

**INTERROGATORY NO. 18:**    Did you and/or any of your partners, agents or employees render medical service or advice to or for Joshua Mullins over the telephone?  If so, for each instance, identify the individual rendering medical and/or other types of service or advice, the date of the conversation, and the substance of the conversation and the service or advice given.

**ANSWER:**

**INTERROGATORY NO. 19:**      Please list by author, title, publisher, editor, edition, and date of publication for any texts, books, treatises, articles, or other works which you regard as authoritative on the treatment, condition or diagnosis of individuals similar to Joshua Mullins.

**ANSWER:**


**INTERROGATORY NO. 20:**      Please list each and every medical facility, hospital, and/or healthcare facility where you have had privileges, including the dates of said privileges, the type of privileges, and whether those privileges were ever subject to termination, suspension, limitation and/or review.

**ANSWER:**


**INTERROGATORY NO. 21:**      Please state who recruited you to practice at LCRH, when, and through what methods.  Also, state why you decided to close your practice in Somerset on or about April 20, 2010.

**ANSWER:**


**INTERROGATORY NO. 22:**      Please state by whom you were employed while you had privileges at LCRH.  If you were not an employee, please state what business partnership or arrangement you had with LCRH, CBC, and LifePoint or any other entity during the time period you were located in Somerset, KY.

**ANSWER:**

**INTERROGATORY NO. 23:**     Please describe any and all involvement you had with advertizing and/or promoting in any way bariatric services at LCRH, CBC, and LifePoint, including participation in web based materials, providing informational seminars, appearing in pamphlets, flyers, mailings, billboards, and/or advertisements of any type (radio, TV, web, newspaper, etc).

　　　**ANSWER:**


**INTERROGATORY NO. 24:**     Please describe what financial inducements, and/or any other type of inducements (guarantee salary/draws/patient base, etc.) you were provided to relocate and practice at LCRH.

　　　**ANSWER:**


**INTERROGATORY NO. 25:**     State whether you have had conversations with any individual, other than your attorneys, regarding your care and treatment of Joshua Mullins and his subsequent injuries.  Please identify all such individuals with whom you had conversations, the date of those conversations, and the substance of those conversations.

　　　**ANSWER:**


**INTERROGATORY NO. 26:**     List each individual who was present for any amount of time during the surgery you performed on Joshua Mullins at LCRH, including but not limited to any other surgeons, surgical technicians, nurses, students, etc.  Referencing the medical records is not a sufficient response.

　　　**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    Produce all documents, including electronic depositions, in your possession or subject to your control pertaining to any internal or external review of the treatment of Joshua Mullins, including but not limited to, inter-office communiqué, emails, anecdotal note, peer review, quality assurance review, and investigation by risk management, quality control, peer review, morbidity and mortality board or the like.

**RESPONSE:**


**REQUEST NO. 2:**    Produce all documents in your possession or subject to your control pertaining to any incident reports, occurrence reports, sentinel event reports, root cause analysis or any other reports prepared for internal purposes or for submission to any governing body, regulating entity, medical association or other private or public agency or institution, relating in any manner to Joshua Mullins.

**RESPONSE:**


**REQUEST NO. 3:**    Produce all statements, whether handwritten, typed, audio or video, including any web based material, in your possession or that of your counsel, or subject to the control of either you or your counsel, made by anyone with respect to Joshua Mullins.

**RESPONSE:**


**REQUEST NO. 4:**    Please produce all contracts, agreements, correspondence, memoranda, or any other documents in your custody or control between yourself and the other

defendants, including those that relate to recruiting, quality review, credentialing, employment, privileges, occurrences, or termination of any contracts, agreements, employment or privileges.

**RESPONSE:**


  **REQUEST NO. 5:** Produce your current, legible and complete curriculum vitae, including any article(s), abstracts, treatise(s), study(ies) or any other material which you have published.

**RESPONSE:**


  **REQUEST NO. 6:** Produce current, legible and complete curriculum vitae of each expert witness who may testify in the trial of this action. Please have each expert witness denote on the CV any article(s), abstracts, treatise(s), study(ies) or any other material listed which he/she believes is relevant to the subject case.

**RESPONSE:**


  **REQUEST NO. 7:** Produce all statements, emails and/or recorded interviews taken and/or information obtained regarding this matter. If there is a claim of privilege as to any document, produce a legally adequate privilege log.

**RESPONSE:**


  **REQUEST NO. 8:** Produce a copy of all insurance policies, including excess, umbrella or underlying, which may cover the events described in the Complaint.

**RESPONSE:**

**REQUEST NO. 9:**   Produce any and all records, writings, emails, documents and computer information kept concerning Joshua Mullins, even if temporarily, including, but not limited to, records, flowsheets, log books, telephone contact logs, care plans, and any computer information (regardless of whether the information was ever printed) printouts; and billing and financial information, and any computer data, taking care to white-out the names of other patients if necessary to maintain confidentiality.

**RESPONSE:**

**REQUEST NO. 10:**   Produce a copy of all correspondence, notes or other memoranda or documents of any nature whatsoever, made by or in the possession or control of yourself or any of your employees, partners or agents relative to Joshua Mullins.

**RESPONSE:**

**REQUEST NO. 11:**   Produce copies or a list of each document, report, paper, article, treatise, abstract, book, textbook, statistic, literature, videotape, film or other material of any nature whatsoever, upon which you, your attorney or any of your expert witnesses will base his or her opinion on or will rely upon or use at the trial of this action.

**RESPONSE:**

**REQUEST NO. 12:**   Produce all documents supporting or relating to any defense in this case.

**RESPONSE:**

13

**REQUEST NO. 13:**  Produce a copy of all correspondence, notes or other memoranda, documents or things of any nature relative to Joshua Mullins created by or at the direction of, or in the possession or control of, this Defendant or any of his employees or agents.

**RESPONSE:**


**REQUEST NO. 14:**  Produce copies of all documents, records, or other writings or tangible things relied upon or consulted or referred to in connection with preparing your answers to the preceding Interrogatories and Request for Production of Documents.

**RESPONSE:**


**REQUEST NO. 15:**  Produce a copy of any report, including factual observations and opinions, which have been prepared by any such expert you intend to call at trial.

**RESPONSE:**


**REQUEST NO. 16:**  Produce copies of all exhibits you, your attorney, your insurance company or any expert or witness testifying on or for your behalf intends to rely upon, utilize or present at trial.

**RESPONSE:**


**REQUEST NO. 17:**  Produce any articles, lectures, abstracts, medical treatises or other works or any presentations, including, but not limited to, any poster-board or PowerPoint presentations, you or any of your experts you have retained for trial have authored, co-authored,

or presented, or intend to rely upon concerning bariatric procedures, complications thereof, and diagnosis and treatment of complications from same, including, but not limited to, malnutrition and vitamin deficiency.

**RESPONSE:**

**REQUEST NO. 18:**  Produce any handouts, brochures, web materials, flyers, mailing, advertisements of any kind, including print, radio, billboard, television and web based materials, that you, LCRH, CBC, and LifePoint provided or made available to the public and potential patients regarding bariatric medical and surgical services from June, 2008 through June, 2010.  If you claim you no longer have access to any or some of the material requested, describe the material and who you believe now has control of said material.

**RESPONSE:**

**REQUEST NO. 19:**  Produce copies of any materials you have received from any Board of Medical Licensure regarding any claim or complaint made against you at any time, including copies of any and all of your responses.

**RESPONSE:**

**REQUEST NO. 20:**  Produce copies and/or descriptions of any material made available to patients regarding the medical and surgical services offered by you, CBC, LCRH, and LifePoint, including copies and descriptions of risks and potential complications of such services.

**RESPONSE:**

**REQUEST NO. 21:** Produce copies and descriptions of all the policies, procedures, rules, and office protocols of LCRH, CBC, and LifePoint dealing with patient assignment, billing, office visits, coverage for physicians, call schedule rotation, responsibility of inpatients at LCRH, discharge of patients, and telephone calls from patients, during the time you practiced at LCRH, CBC, and LifePoint.

**RESPONSE:**

**REQUEST NO. 22:** Produce copies of any and all agreements, contracts, fee schedules, and/or any document whatsoever dealing with your relationship with LCRH, including any documentation of your disassociation and/or loss of privileges at LCRH.

## REQUEST FOR ADMISSION

**REQUEST NO 1:** Admit that all documents you have produced pursuant to the above requests for production of documents are authentic pursuant to KRE 901.[1]

**RESPONSE:**

---

[1] Any objection to admissibility is a separate issue that will not be waived by admission to authenticity.

## VERIFICATION

I, John Husted, M.D., being first duly sworn, state that I have read the foregoing Answers to Plaintiff's Interrogatories and Requests for Production of Documents. I hereby certify that the foregoing Answers are true to the best of my knowledge and belief.

_____

John Husted, M.D.

_____

Date

STATE OF _____   )
                            )
COUNTY OF _____   )

Sworn to and acknowledged before me on this __ day of _____, 2012 by John Husted, M.D.

My Commission expires: _____

_____

Notary Public, _____ (State) at Large

17

*Sheldon Haden*

Ann B. Oldfather
Richard V. Evans
Sheldon L. Haden
OLDFATHER LAW FIRM
1330 South Third Street
Louisville, KY 40208
Telephone: (502) 637-7200
Facsimile: (502) 637-3999
aoldfather@oldfather.com
revans@oldfather.com
shaden@oldfather.com
*Counsel for Plaintiff*





RETURN RECEIPT
REQUESTED



SOMERSET, KY 42502